PEOPLE ex rel. KELLY v. ROMAN CATHOLIC HOUSE OF GOOD SHEPHERD.

(Supreme Court, Special Term, New York County.   July, 1912.)

1. PROSTITUTION (§ 6*)—STATUTORY PROVISIONS—REPEAL.

   Consolidation Act (Laws 1882, c. 410) § 1466, as amended by Laws 1886, c. 353, and Laws 1903, c. 436, which provided that any prostitute who had not been an inmate of the penitentiary might be sentenced to certain named reformatory institutions, was not repealed by the Inferior Courts Act (Laws 1910, c. 659), which repealed all acts inconsistent or in conflict with it, and provided by section 88 that persons convicted of vagrancy or disorderly conduct, including prostitutes between certain ages, might be committed to certain institutions, and that other persons convicted on a charge of vagrancy, including prostitutes, might be committed to the workhouse; and hence relator, upon proof or confession of an offense

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

under Laws 1903, c. 436, was properly committed to an institution designated thereby.

[Ed. Note.—For other cases, see Prostitution, Cent. Dig. § 6; Dec. Dig. § 6.*]

2. STATUTES (§ 159*)—CONSTRUCTION—IMPLIED REPEAL—STATUTE RELATING TO SAME SUBJECT.

Repeals by implication or by reason of supposed inconsistency are not favored, and statutes in pari materia are to be read together, and, if possible, effect given to both.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 229; Dec. Dig. § 159.*]

Habeas corpus by the People of the State of New York, on the relation of Mary Kelly, against the Roman Catholic House of Good Shepherd. Hearing on return of writ. Writ dismissed, and relator remanded.

Joseph B. Rosenback, of New York City, for relator.

Charles S. Whitman, of New York City (Stanley L. Richter, Deputy Asst. Dist. Atty., of counsel), opposed.

GIEGERICH, J. According to the warrant of commitment the relator was committed by one of the city magistrates of the city of New York to the Roman Catholic House of Good Shepherd for the term of three years under the provisions of chapter 436 of the Laws of 1903, having been found to be a common prostitute. The act in question provides as follows:

"1. Whenever any female over the age of twelve years shall be brought by the police or shall voluntarily come before any court or a committing magistrate in the City of New York, and it shall be proved to the satisfaction of such court or magistrate by the confession of such female or by competent testimony that such female (first) is found in a reputed house of prostitution or assignation; or in company with or frequenting the company of thieves or prostitutes, or is found associating with vicious and dissolute persons; or is willfully disobedient to parent or guardian and is in danger of becoming morally depraved; or (second) is a prostitute or is of intemperate habits and has not been an inmate of the penitentiary; or (third) is convicted of petit larceny and is over sixteen years of age and has not been an inmate of the penitentiary, such court or magistrate may judge that it is for the welfare of such female that she be placed in a reformatory and may thereupon commit such female to one of the following reformatory institutions, namely, the Protestant Episcopal House of Mercy, New York, a Roman Catholic House of Good Shepherd (foot of Eighty-Ninth street), in the city of New York, or the New York Magdalen Benevolent Society, which said institutions are hereby severally authorized to receive and hold females committed under this act. (3) Every commitment made under this act shall state the name and age of the female so committed, together with the cause of her commitment, and shall designate the institution to which she is committed, which institution shall, when practicable, be one which is conducted by persons of the same religious faith as such female, and such commitment shall also state the term of the commitment, which, if the female so committed is an adult, shall be three years; or if such female is a minor, during her minority, unless sooner discharged by the trustees or managers of such institution, provided, however, that no commitment made under this act which shall recite the facts upon which it is based shall be deemed or held to be invalid by reason of any imperfection or defect in form."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] It is claimed on behalf of the relator that the commitment was unauthorized by law, and is therefore void. Mr. Justice Lehman, in People ex rel. Weiss v. N. Y. Magdalen Benevolent Soc., 136 N. Y. Supp. 616, a case similar to the present, said:

"It seems to me that the penalty provided in section 88 of chapter 659 of the Laws of 1910 was intended by the Legislature to be the sole penalty upon the conviction of the offense with which the prisoner is charged, and necessarily repealed all other and previous statutes giving a magistrate the power to impose a different sentence. The prisoner should therefore be remanded to the jurisdiction of the magistrate to be disposed of by him as may appear proper in accordance with the provisions of the statute."

In December, 1911, Mr. Justice Seabury, in People ex rel. Davis v. N. Y. Magdalen Benevolent Soc., 136 N. Y. Supp. 617, reached the opposite conclusion saying:

"I think that it is clear that the relator was convicted under chapter 353 of the Laws of 1886 and the acts amendatory thereof. Under that statute the magistrate had the power to impose the sentence upon the relator against which she now complains. The statutory provision is not repugnant to the provision contained in chapter 659 of the Laws of 1910. It is certain that the latter statute does not in terms expressly repeal the former, and as the two are not inconsistent or repugnant I think there has been no repeal by implication. It follows that the writ should be dismissed and the relator remanded."

In view of the conflict in the two decisions just cited, it becomes necessary to examine the question de novo. Chapter 436 of the Laws of 1903 amended chapter 353 of the Laws of 1886, the last-mentioned act having itself been an amendment of section 1466 of the Consolidation Act (Laws of 1882, c. 410). The question is whether section 1466, of the Consolidation Act, as thus amended, is still in force or whether it has been repealed by subsequent legislation. Chapter 353 of the Laws of 1886, above mentioned, was expressly recognized by the Greater New York Charter, as revised and amended in 1901 (Laws 1901, c. 466), as still in force (section 668), and neither that act nor the section of the Consolidation Act which it amended has since been expressly repealed. The same section of the Consolidation Act (section 1466), as amended by chapter 353 of the Laws of 1886, was again recognized by the Legislature as still in force by chapter 436 of the Laws of 1903, above mentioned, by which that section was further amended. It follows that section 1466 of the Consolidation Act cannot be regarded as repealed by the provisions of title 2 of chapter 24 of the Greater New York Charter.

The question remains whether or not section 1466 of the Consolidation Act, as amended by the Acts of 1886 and 1903, was repealed by the inferior Courts Act (Laws of 1910, chap. 659). It was not included among the statutes particularly enumerated in the repealing clause of the last-mentioned act (section 120), and the inquiry, therefore, is whether it was included in the provision of that section which expressly repealed all acts and parts of acts inconsistent or in conflict with that act. The relator relies upon the provisions of section 88 of the Inferior Courts Act as sustaining her argument that section 1466 of the Consolidation Act, as amended, has been repealed by the

general repealing clause just mentioned. . I am unable to concur with that view.

[2] It is an elementary rule in the construction of statutes that repeals by implication or by reason of supposed inconsistency are not favored, and that statutes in pari materia are to be read together, and that, if possible, effect is to be given to both. 36 Cyc. 1071, 1072. Section 88 of the Inferior Courts Act provides for the punishment of persons over 16 years of age who are convicted of public intoxication, disorderly conduct, or vagrancy. It first provides that where, upon a charge of vagrancy, the person convicted is a prostitute between the ages of 16 and 21, the magistrate may commit such person to certain specified institutions for not exceeding one year. The section then provides that all other persons convicted upon a charge of vagrancy, including persons convicted as prostitutes, with certain exceptions, shall be committed, in the boroughs of Manhattan, Brooklyn, and the Bronx to the workhouse. The remainder of the section is occupied with provisions for the punishment of disorderly conduct tending to a breach of the peace or public intoxication. A common prostitute loitering or being in any thoroughfare or public place for the purpose of prostitution or solicitation, to the annoyance of the inhabitants or passers-by, is guilty of disorderly conduct tending to a breach of the peace. Consolidation Act, § 1458; Inferior Courts Act, § 79. It follows that, if a charge of vagrancy or a charge of disorderly conduct tending to a breach of the peace had been made against the relator, it would have been competent to punish her under the provisions of section 88 of the Inferior Courts Act. But it appears from the warrant of commitment that no such charge was made against her. From the warrant it appears that she was either brought or voluntarily came before the magistrate, and that it was proved or that she confessed that she had violated the provisions of chapter 436 of the Laws of 1903. Upon this charge or confession she could not have been punished under section 88 of the Inferior Courts Act, but she could be committed under the provisions of section 1466 of the Consolidation Act, as amended by chapter 436 of the Laws of 1903. It follows, therefore, that the two acts are not necessarily in conflict, and that the earlier enactment has not been repealed by the later. It will be seen that such conclusion is in harmony with that reached by Mr. Justice Seabury in People ex rel. Davis v. N. Y. Magdalen Benevolent Soc., supra.

The writ must therefore be dismissed, and the relator remanded.